## John Robinson v. Susan V. Hoyt.

### Payments.

Where payments alleged to have been made by a deceased mortgage debtor are denied by the creditor, they are not sufficiently proved by entries in the debtor's handwriting in an unusual place in his day-book from which the immediately preceding leaves have been torn, while the regular entries are followed by a number of blank pages.

Appeal from Berrien. Submitted October 10. Decided October 22.

FORECLOSURE. Defendant appeals.

*Theo. DePuy* and *Clapp & Fyfe* for complainant.

*Wm. R. Lyon* and *Potter & Potter* for defendant.

MARSTON, J. The bill in this case was filed for the foreclosure of a mortgage given to secure the payment of a note executed by Enoch C. Hoyt and Susan V. his wife, and given for the debt of the former.

The answer admitted the execution of the note and mortgage; alleges that she received no valuable consideration for the giving of the same; that she did not execute the note and mortgage freely, or without fear or compulsion, but that the same was obtained by way of duress and fear.

There is no doubt but the note was given for the debt of the defendant's husband. The testimony of defendant standing alone would fall short of establishing the defense set up, while that on the part of the complainant is direct, clear and satisfactory that defendant executed the note and mortgage freely, and that no threats or compulsion whatever were used or resorted to.

The claim of payments made by Enoch Hoyt during his lifetime, from the receipts of the store, as appeared upon the book, we think are not proven, and should not be allowed. These entries all appeared upon the last page in the book, and were in the handwriting of Enoch Hoyt. This was the day-book used in the store. No entries appeared thereon after page 248 until page 316, when these entries appeared, and the leaves from page 272 to 315 appeared to have been torn out, but at what time was not shown. The complainant while admitting the receipt and endorsement of certain payments, denied that any payments were made after October 4th. In this state of the case the proof of payments claimed to be made after October 4th, as appeared by the books, is insufficient.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.